UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

STEVEN P.[1],

                            Plaintiff,

    v.                                           Case # 19-CV-354-FPG
                                                 DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.

**INTRODUCTION**

Plaintiff Steven P. brings this action pursuant to Title XVI of the Social Security Act seeking review of the denial of his application for Supplemental Security Income benefits.

Plaintiff protectively applied for benefits on August 31, 2015, alleging disability due to, as relevant here, back problems. Tr.[2] 99, 181, 206. After the Social Security Administration ("SSA") denied his application, Plaintiff testified at a hearing before an Administrative Law Judge ("ALJ"). Tr. 33-75. On February 28, 2018, the ALJ issued an unfavorable decision. Tr. 15-28. After the Appeals Council denied Plaintiff's request for review, the SSA's decision became final and Plaintiff appealed to this Court. ECF No. 1. This Court has jurisdiction to review the SSA's final decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 15, 17. For the following reasons, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

---

[1] In accordance with this Court's November 18, 2020 Standing Order regarding the identification of non-government parties in social security opinions, available at https://www.nywd.uscourts.gov/standing-orders-and-district-plans, this Decision and Order will identify the plaintiff using only the first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 7.

**LEGAL STANDARD**

**I.     District Court Review**

When a district court reviews a final decision of the SSA, it does not "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citations omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

**II.    Disability Standard**

To determine whether a claimant is disabled within the meaning of the Social Security Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of the claimant's age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Lesterhuis v. Colvin*, 805 F.3d 83, 85 n.2 (2d Cir. 2015); *see also* 20 C.F.R. §§ 404.1520, 416.920.

**DISCUSSION**

**I.    The ALJ's Decision**

The ALJ analyzed Plaintiff's benefits application using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. Tr. 17. At step two, the ALJ assessed Plaintiff with several severe physical impairments, including, as relevant here, lumbar degenerative disc disease and radiculopathy, status-post two hemilaminectomies and microdiscectomies at L4-5. Tr. 17. At step three, the ALJ found that none of Plaintiff's impairments met or medically equaled the criteria of any Listings impairment. Tr. 19. The ALJ then determined Plaintiff's RFC. Tr. 20. As relevant here, the ALJ determined that Plaintiff could perform sedentary work, and could occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance and stoop; and never kneel, couch, or crawl. Tr. 20. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 26. At step five, the ALJ found that Plaintiff could adjust to other work that exists in significant numbers in the national economy. Tr. 27. Accordingly, the ALJ found that Plaintiff was not disabled. Tr. 28.

**III.   Analysis**

In arriving at her RFC determination, the ALJ gave little weight to the opinions of Plaintiff's two treating physicians, and gave significant weight to the opinion of a consultative examiner. Plaintiff argues that the ALJ erroneously evaluated the opinion evidence. The Court agrees.

The two treating opinions of record were rendered by Plaintiff's neurosurgeon, Gregory Castigula, M.D., and his pain management specialist, Jafar W. Saddiqui, M.D. Dr. Castigula treated Plaintiff from November 25, 2013 to at least the end of 2017 for back pain and performed

two back surgeries on Plaintiff. Throughout the course of his treatment, Dr. Castiglia opined that Plaintiff was 100% temporarily impaired. Tr. 289, 292, 300, 302, 305, 314, 539. Dr. Siddiqui treated Plaintiff regularly for pain management from January 5, 2015 to December 28, 2016. Tr. 268-86, 328-52, 397-447. In July 2015 and December 2016, Dr. Siddiqui opined that Plaintiff was 50% temporarily impaired. Tr. 331, 398.

The consultative examination took place on December 11, 2015 with Donna Miller, M.D. Dr. Miller diagnosed Plaintiff with, among other things, chronic low back pain, and opined that he had mild to moderate limitations for heavy lifting, bending, carrying, kneeling, and squatting. Tr. 392.

The ALJ gave little weight to the treating physicians' opinions because they spoke to an issue reserved for the Commissioner and lacked a function-by-function analysis. Tr. 26. The ALJ gave significant weight to Dr. Miller's opinion because it was based on her examination and her knowledge of the Social Security program, and because it was "consistent with the record as a whole, which notes positive objective findings on examination and the need for ongoing treatment, performance of two surgeries, and limitations in activities of daily living." Tr. 26.

Plaintiff argues that the ALJ should have re-contacted his treating physicians for a more detailed opinion rather than rejecting them for not being tailored to the SSA's requirements. The Commissioner counters that re-contacting the treating physicians is not necessary where, as here, the ALJ had other substantial evidence—the consultative examiner's opinion—on which to base her RFC determination. Under the facts of this case, the Court agrees with Plaintiff.

It is true that a consultative examiner's opinion can constitute substantial evidence and can even "override" a treating physician's opinion in some cases. *See Camille v. Colvin*, 652 F. App'x 25, 28 (2d Cir. 2016) (summary order). For example, "[a]n ALJ may properly reject a treating

physician's opinion when it conflicts with his own treatment notes," when the physician's contemporaneous treatment records do not support severe limitations, or when a "consultative examiner's conclusions are more consistent with the underlying medical evidence." *Gomez v. Saul*, No. 19 Civ. 9278 (PMH)(JCM), 2020 U.S. Dist. LEXIS 244046, at *91-92 (S.D.N.Y. Dec. 23, 2020).

Here, however, the ALJ offered no such reasons for rejecting the treating physicians' opinions; he simply rejected them because they were not rendered in the Social Security context. A similar situation arose in a case before Judge Michael A. Telesca, *Destefano v. Berryhill*, No. 17-cv-6651-MAT, 2018 U.S. Dist. LEXIS 184903 (W.D.N.Y. Oct. 29, 2018). There, the ALJ rejected a treating physician's opinion that the claimant was "disabled" and "unable to work" because the opinion was not supported by narrative explanations and specific limitations. *Id.* at *8-9. Judge Telesca observed that these were proper factors for an ALJ to consider in evaluating opinion evidence, but, since the opinion was rendered in the context of a worker's compensation form which only solicited cursory responses from the physician, "it would be unfair to draw an adverse inference against Plaintiff based on the absence of any specific limitations in [the treating physician's] statements." *Id.* at *9; *see also Ubiles v. Astrue*, No. 11-CV-6340T(MAT), 2012 U.S. Dist. LEXIS 100826, at *24 (W.D.N.Y. July 2, 2012) ("[I]t is unreasonable to expect a physician to make, on his own accord, the detailed functional assessment demanded by the Act in support of a patient seeking SSI benefits. It was incumbent on the ALJ to request a function-by-function assessment of Plaintiff's physical limitations from [the treating physician] and recontact [the treating physician] for clarification of his 'vague and non-specific' limitations.").

Similarly, here, Dr. Castigula's opinion that Plaintiff was "100% temporarily impaired" was given in response to a form that referenced a worker's compensation number and asked, "what

is the percentage (0-100%) of temporary impairment?" *See, e.g.*, Tr. 288-89.  Likewise, Dr. Siddiqui's opinion was specifically addressed to the Worker's Compensation Board.  Tr. 327.  Plaintiff's treating physicians cannot be expected to have assessed Plaintiff's limitations in Social Security terms without having been asked to do so.

The ALJ's error in giving such short shrift to the treating physicians' opinions is compounded by her puzzling rationale for giving significant weight to the consultative examiner's opinion.  Dr. Miller assessed only mild limitations on heavy lifting, bending, and carrying, and assessed no limitations at all on Plaintiff's ability to sit, stand, or walk for any period of time.  The ALJ found that these minor limitations were "consistent with the record as a whole, which notes positive objective findings on examination and the need for ongoing treatment, performance of two surgeries, and limitations in activities of daily living."  Tr. 26.  The Court is perplexed as to how positive objective findings, the need for ongoing treatment and two surgeries, and limitations in activities of daily living support such mild restrictions.  Indeed, the ALJ acknowledged elsewhere in her decision that Plaintiff testified that he has trouble walking any distance or standing for more than a few minutes at a time, cannot sit in one position for any length of time, and has to constantly shift, get up, and change positions.  Tr. 21.  The ALJ noted various objective findings of impairment, such as positive straight leg tests and MRI scans showing stenosis and disc herniation.  Tr. 23-24.  The ALJ commented that Plaintiff's two surgeries "certainly suggest[ ] that the symptoms were genuine," although she ultimately found that the evidence did not demonstrate a severe disability because Plaintiff could perform some limited activities of daily living.  Tr. 25.

Given the ALJ's dubious rationale for relying on Dr. Miller's consultative examination opinion and his out of hand rejection of the treating physicians' opinions, the Court finds that remand is required.  "The ALJ erred by failing to recontact the[] two treating physicians and

address the consistency between their opinions before weighing them against the inconsistent opinions from [the] consultative examiner[]." *Fields v. Saul*, No. 19-CV-1423 (AT) (JLC), 2020 U.S. Dist. LEXIS 99839, at *55 (S.D.N.Y. June 8, 2020) (remanding for ALJ to seek clarification from treating physician as to the basis of his opinion and then evaluate the opinion according to the treating physician rule).

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings, ECF No. 15, is GRANTED, the Commissioner's motion, ECF No. 17, is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: January 26, 2021
      Rochester, New York

                                              HON. FRANK P. GERACI, JR.
                                              Chief Judge
                                              United States District Court